UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| MOHAMMAD H. NADERI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO. 1:22-cv-00459-DRL-SLC |
| | ) |
| RESMED INC., *et al.*, | ) |
| | ) |
| Defendants. | ) |

**OPINION AND ORDER**

Before the Court are several motions filed by *pro se* Plaintiff: (1) an "Emergency" motion filed on March 29, 2023, asking that the Court appoint counsel for him (ECF 27); (2) a motion to amend complaint filed on March 31, 2023, seeking to name Defendants' counsel as additional defendants (ECF 28); and an "Emergency" request that the Court report Defendants and their counsel to the FBI due to alleged criminal activity (ECF 29). Defendant Resmed, Inc., filed a response in opposition the motion to amend on April 14, 2023, and Defendant Medical Service Company d/b/a MSC Sleep, a division of Medical Service Company, later joined in the response. (ECF 35, 36). Plaintiff filed a reply brief on April 27, 2023 (ECF 37), and thus, the motions are ripe for ruling. For the following reasons, Plaintiff's motions will be DENIED.

*A. Motion for Court-Recruited Counsel*

In his first motion, Plaintiff asks that the Court appoint counsel for him because he is indigent. (ECF 27). Plaintiff states that he receives $934 a month in Supplemental Security Income and that the lower court waived his fees and costs. (*Id.* at 2).

Civil litigants do not have a right, either constitutional or statutory, to court-appointed counsel. *Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007); *Luttrell v. Nickel*, 129 F.3d 933, 936

(7th Cir. 1997); *Jackson v. Cnty. of McLean*, 953 F.2d 1070, 1071 (7th Cir. 1992). Rather, district courts are empowered to recruit an attorney to represent a plaintiff without charge when he is "unable to afford counsel." 28 U.S.C. § 1915(e)(1). The Seventh Circuit Court of Appeals has instructed that several factors should be weighed by the district court when determining whether recruitment of counsel is warranted: (1) whether the plaintiff has made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and (2) given the difficulty of the case, whether the plaintiff appears competent to litigate it herself. *Pruitt*, 503 F.3d at 654.

The second portion of this inquiry, stated another way, is "whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge and jury himself." *Olson v. Morgan*, 750 F.3d 708, 712 (7th Cir. 2014) (quoting *Pruitt*, 503 F.3d at 655). Factors to be considered include "the plaintiff's literacy, communication skills, educational level, and litigation experience." *Pruitt*, 503 F.3d at 655. In conducting this inquiry, the district court must ascertain "whether the plaintiff appears competent to litigate his own claims, given their degree of difficulty, and this includes the tasks that normally attend litigation: evidence gathering, preparing and responding to motions and other court filings, and trial." *Id.* (emphasis omitted).

Here, Plaintiff has not satisfied the threshold requirements relating to his request for counsel. First, he has not submitted an affidavit of financial need under penalty of perjury.[1] *See Hairston v. Blackburn*, No. 09-cv-598-MJR, 2010 WL 145793, at *10 (S.D. Ill. 2010) ("[A] proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915 is a pre-requisite to appointment of

---

[1] *See* "Motion to Proceed In Forma Pauperis" form on the Court's website at https://www.innd.uscourts.gov/sites/innd/files/AO239.pdf.

counsel under § 1915(e)(1)." (citing *Pruitt*, 503 F.3d at 649)). As such, the Court need not reach the remaining factors of the analysis at this juncture.[2]

Also, when considering a *pro se* plaintiff's request for counsel, this Court typically requires that a *pro se* plaintiff first contact at least three attorneys concerning the case. *See Jackson*, 953 F.2d at 1073 ("If . . . the indigent has made no reasonable attempts to secure counsel (unless circumstances prevented him from doing so), the court should deny any § 1915(d) motions outright."). Plaintiff has not shown that he has contacted three or more attorneys concerning his case, or otherwise made "reasonable attempts" to secure counsel. Therefore, Plaintiff's motion asking that the Court recruit counsel on his behalf (ECF 27) will be DENIED.

### B. Motion to Amend

In his second motion, Plaintiff seeks the Court's leave to file an amended complaint to name Defendants' counsel and their law firms as additional defendants, asserting that they were negligent in the practice of law, discriminated against him, and have a "conflict of interest" with his case. (ECF 28). Plaintiff's motion is deficient in several ways.

To begin, Local Rule 15-1 requires that a motion to amend a pleading "must include the original signed proposed amendment as an attachment" and "reproduce the entire pleading as amended." N.D. Ind. L.R. 15-1. Plaintiff, however, did not include a signed, proposed amended complaint with his motion.

---

[2] That said, the Court observes that Plaintiff apparently is an experienced *pro se* litigator (ECF 35 at 5 n.4 (observing that "Plaintiff has litigated more than 20 lawsuits since 1987 . . . ." (collecting cases)), which cuts against a need for court-recruited counsel. *See, e.g.*, *Martin v. Dupont Hosp.*, Nos. 1:09-cv-47, 1:09-cv-48, 2009 WL 1396298, at *2 (N.D. Ind. May 15, 2009) (considering that *pro se* plaintiff had litigated several prior cases *pro se* when denying his request for court-recruited counsel).

3

Further, Plaintiff generally alleges in his motion that Defendants' counsel were negligent in their legal practice; discriminated against him based on his national origin, religion, and age; and misrepresented information to him. (ECF 28). But Plaintiff's allegations, which are at times "rambling and incoherent" (ECF 22 at 2)), appear speculative, rather than plausible. "Even though [Plaintiff] proceeds *pro* se, he must still abide by [Federal Rule of Civil Procedure] 8 and [*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)]." *Williams v. SAIC*, No. 1:14-cv-01749-TWP-MJD, 2015 WL 1865930, at *3 (S.D. Ind. Apr. 23, 2014) (citation omitted). That is, Plaintiff must provide "enough detail to give the defendant fair notice of what the claim is and the grounds upon which it rests, and through his allegations, show that it is *plausible, rather than merely speculative,* that he is entitled to relief." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1083 (7th Cir. 2008) (emphasis added) (citation omitted); *see Killebrew v. St. Vincent Health, Inc.*, 295 F. App'x 808, 810 (7th Cir. 2008) (finding despite the lenient notice-pleading requirement of Rule 8(a), the "incoherent and rambling" *pro se* complaint did "not even hint at a plausible right to relief"). If Plaintiff's allegations in his motion are reflective of what he intends to put in a proposed amended complaint, his amended complaint will not withstand a motion to dismiss.

Moving on, Plaintiff also contends in his motion that Defendants' counsel have a conflict of interest in this matter because Plaintiff "personally talk[ed]" to Defendants' law firms and they "were going to work for Plaintiff pro se" after taking his information. (ECF 28 at 4 (capitalization omitted)). Thus, Plaintiff apparently is asserting that Defendants' counsel should be disqualified from representing Defendants in this matter due to these alleged communications.

But Plaintiff's conclusory assertions in his motion, standing alone, are too speculative to show that Defendants actually formed an attorney-client relationship with Plaintiff through any

4

communications. *See Nelson v. Green Builders, Inc.*, 823 F. Supp. 1439, 1444 (E.D. Wis. 1993) ("In addressing a motion to disqualify, the threshold question is whether there existed an attorney-client relationship that subjected a lawyer to the ethical obligation of preserving confidential communications." (collecting cases)). "Disqualification of counsel is a drastic measure imposed only when absolutely necessary." *Sailsbery v. Vill. of Sauk Vill.*, No. 15 C 10564, 2016 WL 1402291, at *1 (N.D. Ill. Apr. 11, 2015) (citation and internal quotation marks omitted). "There must be solid evidence to support an allegation of conflict." *Id.* (citation omitted).

Here, Plaintiff has not established via evidence that Defendants' counsel or law firms "currently represent or formerly represented [him] on a substantially related matter." *Id.* As a result, it would be "speculative and premature" to disqualify Defendants' counsel given the record presented. *Id.* at 1, 7. Accordingly, to the extent that Plaintiff seeks disqualification of Defendants' counsel, his motion is also unavailing. (*See also* ECF 22 at 2 ("[T]he Court sees no cause to [sanction, discipline or remove Defendants' counsel] based on the record presented—more pointedly, Plaintiff's rambling and sometimes incoherent filings." (citation omitted))). For these reasons, Plaintiff's second motion will also be DENIED.

*C. Request That the Court Report Defendants and Counsel to the FBI*

In his third motion, Plaintiff reiterates his earlier request that the Court report all Defendants and their counsel to the FBI for criminal prosecution due to their alleged misconduct and fraud. (ECF 29; *see* ECF 18 at 3; ECF 22). As already explained in the Court's Order dated February 6, 2023, "the Court 'does not bring criminal charges . . . , as those are matters handled by federal and state prosecutors.'" (ECF 22 at 2 (quoting *Maus v. Baker*, No. 09-C0042, 2015

5

WL 12766488, at *2 (E.D. Wis. May 27, 2015))). Accordingly, this motion, too, will be DENIED. Plaintiff is ADMONISHED to refrain from filing duplicative or frivolous motions in the future.[3]

## D. Conclusion

For the foregoing reasons, Plaintiff's "Emergency" motion filed on March 29, 2023, asking that the Court recruit counsel for him (ECF 27); Plaintiff's motion to amend complaint filed on March 31, 2023, seeking to name Defendants' counsel as additional defendants (ECF 28); and Plaintiff's "Emergency" request that the Court report Defendants and their counsel to the FBI (ECF 29) are all DENIED. Plaintiff is ADMONISHED to cease filing duplicative or frivolous motions in the future.

SO ORDERED.

Entered this 4th day of May 2023.

/s/ Susan Collins
Susan Collins
United States Magistrate Judge

---

[3] At the close of its response brief, Defendant ResMed, Inc., asks that the Court dismiss Plaintiff's lawsuit with prejudice "either as a result of his abusive litigation tactics or ResMed Inc.'s separate motion to dismiss." (ECF 35 at 10). The undersigned Magistrate Judge does not view the record as supporting the harsh sanction of dismissal, at least at this juncture, and ResMed, Inc.'s motion to dismiss (ECF 8) is before the District Judge rather than the undersigned. Therefore, Defendants' request for dismissal will not be further addressed in this Opinion and Order.