UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| MOHAMMAD H. NADERI, | |
| Plaintiff, | |
| v. | CAUSE NO. 1:22cv459 DRL-SLC |
| RES MED INC. *et al.*, | |
| Defendants. | |

OPINION AND ORDER

Mohammad Naderi filed this product liability action over an allegedly defective sleep apnea device (AirSense™ 10 AutoSet CPAP device). Mr. Naderi claims that ResMed Inc., ResMed Corp., Medical Service Company, and MSC Sleep (a division of Medical Service Company) sold the AirSense that caused his injury. ResMed Inc. asks the court to dismiss this case under Rules 12(b)(2), 12(b)(4), 12(b)(5), and 12(b)(6) for insufficient process and service, lack of personal jurisdiction, and failure to state a claim. Medical Service Company d/b/a MSC Sleep asks to join ResMed Inc.'s motion to dismiss under Rule 12(b)(6). The court grants the motion to dismiss under Rules 12(b)(2) and 12(b)(6).

BACKGROUND

The court assumes the facts in Mr. Naderi's amended complaint as true for purposes of this motion. Mr. Naderi owns an AirSense 10 AutoSet CPAP device. He says this device was "owned" by the defendants, and he received the device by "UPS.MAIL." On February 14, 2020, Mr. Naderi was using this device when he was injured in his face, nose, lips, eyes, head, and ears.[1] On April 5, 2022, Mr. Naderi,

---

[1] In his amended complaint, Mr. Naderi changed his injury date from April 14, 2020 to February 14, 2020. *See Beal v. Beller*, 847 F.3d 897, 901 (7th Cir. 2017) (for "pleading purposes, once an amended complaint is filed, the original complaint drops out of the picture"); *Riley v. Elkhart Cmty. Sch.*, 829 F.3d 886, 890 (7th Cir. 2016) ("amended complaint supersedes any prior complaint, and becomes the operative complaint").

proceeding *pro se*, filed suit against multiple defendants for what he calls a defective sleep apnea product, their failure to inspect and maintain the product, and their failure to provide a proper product.

## DISCUSSION

The court starts with the statute of limitations issue under Rule 12(b)(6). Under Rule 12(b)(6), the court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in the plaintiff's favor. *Reynolds v. CB Sports Bar, Inc.*, 623 F.3d 1143, 1146 (7th Cir. 2010). A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Mr. Naderi alleges a product liability claim. The Indiana Product Liability Act (IPLA) governs all tort claims brought by a consumer against a manufacturer or seller for physical harm caused by its product—regardless of legal theory. Ind. Code § 34-20-1-1; *see Kennedy v. Guess, Inc.*, 806 N.E.2d 776, 779-80 (Ind. 2004); *Kaiser v. Johnson & Johnson*, 947 F.3d 996, 1007-08 (7th Cir. 2020). A company who places "into the stream of commerce any product in a defective condition unreasonably dangerous to any user or consumer . . . is subject to liability for physical harm caused by that product." Ind. Code § 34-20-2-1. The IPLA recognizes three theories of liability. "A product may be defective under the IPLA if it is defectively designed, if it has a manufacturing flaw, or if it lacks adequate warnings about dangers associated with its use." *Brewer v. PACCAR, Inc.*, 124 N.E.3d 616, 621 (Ind. 2019); *accord Campbell Hausfeld/Scott Fetzer Co. v. Johnson*, 109 N.E.3d 953, 956 (Ind. 2018).

A product liability action must be commenced within two years after the cause of action accrues, and it normally accrues at the time of injury. *See* Ind. Code § 34-20-3-1(b)(1). No discovery rule or equitable tolling seems appropriate here, given the nature of injury. The statute of limitations is an affirmative defense. Typically, "complaints need not anticipate and attempt to plead around defenses."

*Chi. Bldg. Design, P.C. v. Mongolian House, Inc.*, 770 F.3d 610, 613 (7th Cir. 2014) (citation omitted). A motion to dismiss "based on failure to comply with the statute of limitations should be granted only [when] the allegations of the complaint itself set forth everything necessary to satisfy the affirmative defense." *Id.* at 613-14 (quotations omitted). This one does just that. The amended complaint alleges Mr. Naderi sustained his injuries on February 14, 2020. He filed suit on April 5, 2022. The statute of limitations thus bars his claim.[2]

The court next addresses personal jurisdiction over ResMed Inc. A motion to dismiss under Rule 12(b)(2) tests the court's ability to exercise its power over a defendant. After a defendant's motion under Rule 12(b)(2), the plaintiff bears the burden of proving personal jurisdiction over the defendant. *Rogers v. City of Hobart*, 996 F.3d 812, 818 (7th Cir. 2021). When a Rule 12(b)(2) motion is decided based on the submission of written materials, the plaintiff must make a "prima facie showing of jurisdictional facts." *Tamburo v. Dworkin*, 601 F.3d 693, 700 (7th Cir. 2010); *see also Curry v. Revolution Labs*, LLC, 949 F.3d 385, 393 (7th Cir. 2020); *Purdue Rsch. Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003). The court "take[s] as true all well-pleaded facts alleged in the complaint and resolve[s] any factual disputes in the affidavits in favor of the plaintiff." *Tamburo*, 601 F.3d at 700; *accord Purdue*, 338 F.3d at 782. "[O]nce the defendant has submitted affidavits or other evidence in opposition to the exercise of jurisdiction, the plaintiff must go beyond the pleadings and submit affirmative evidence supporting the exercise of jurisdiction." *Purdue*, 388 F.3d at 783.

The court has personal jurisdiction over a defendant to the same extent a state court in Indiana could exercise personal jurisdiction over that defendant. *Advanced Tactical Ordnance Sys., LLC v. Real Action Paintball, Inc.*, 751 F.3d 796, 800 (7th Cir. 2014). The court need not tarry on analyzing the reach of

---

[2] Mr. Naderi tries in his response to point to April 14, 2020 as the date of injury, but this contradicts the date pleaded in his amended complaint, and his complaint may not be amended by his brief in opposition to a motion to dismiss. *See Agnew v. NCAA*, 683 F.3d 328, 348 (7th Cir. 2012). Though the court must construe *pro se* pleadings liberally, *Kaba v. Stepp*, 458 F.3d 678, 687 (7th Cir. 2006), it may not alter the facts. To the extent he mispleaded, he will have the opportunity to amend based on this portion of the court's order under Rule 12(b)(6).

3

Indiana's longarm statute because it extends to the limits of federal due process. *See id.*; *LinkAmerica Corp. v. Cox*, 857 N.E.2d 961, 967 (Ind. 2006). Instead, the court can proceed directly to the due process analysis. *Mobile Anesthesiologists Chi., LLC v. Anesthesia Assocs. of Houston Metroplex, P.A.*, 623 F.3d 440, 443 (7th Cir. 2010). The court must determine whether exercising jurisdiction over ResMed Inc. comports constitutionally with the limits of due process. *Advanced Tactical*, 751 F.3d at 800 (citing *Walden v. Fiore*, 571 U.S. 277, 283 (2014)).

A defendant is subject to personal jurisdiction in a state only if the defendant had minimum contacts with the forum such that subjecting the defendant to suit does not offend "traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945); *see also Mallory v. Norfolk S. Ry.*, 143 S. Ct. 2028, 2039 (2023). Two types of personal jurisdiction exist: general (sometimes called "all-purpose") jurisdiction and specific (sometimes called "case-linked") jurisdiction. *Bristol-Myers Squibb Co. v. Superior Ct.*, 582 U.S. 255, 262 (2017) (citing *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U. S. 915, 919 (2011)).

A court has general jurisdiction when the defendant's affiliations with the forum state are so continuous and systematic as to render it essentially "at home" in the forum state. *BNSF Ry. v. Tyrrell*, 581 U.S. 402, 413 (2017); *Daimler AG v. Bauman,* 571 U.S. 117, 127 (2014); *Goodyear*, 564 U.S. at 919. Paradigmatically, a defendant is subject to general jurisdiction where it is incorporated or has its principal place of business, unless exceptional circumstances exist. *Daimler,* 571 U.S. at 137; *see also Perkins v. Benguet Consol. Mining Co.* 342 U.S. 437, 446-49 (1952) (Philippine corporation was subject to general jurisdiction in Ohio when it conducted its administrative and management activities exclusively from that state during the World War II period); *Abelesz v. OTP Bank,* 692 F.3d 638, 654-655 (7th Cir. 2012) (*Perkins* case is best example of exceptional circumstances for general jurisdiction). ResMed Inc. is incorporated under Delaware law and maintains its principal place of business in California, so the court lacks general jurisdiction over the company in Indiana.

4

That leaves only specific jurisdiction as an option. Specific jurisdiction over a defendant arises when a defendant "purposefully avail[s] itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws." *Lexington Ins. Co. v. Hotai Ins. Co.*, 938 F.3d 874, 881 (7th Cir. 2019) (quoting *Goodyear*, 564 U.S. at 924) (emphasis omitted). Specific jurisdiction is not based on the plaintiff's contacts with the forum state but instead focuses on the defendant's contacts with the forum state. *Advanced Tactical,* 751 F.3d at 801; *see also Mallory*, 143 S. Ct. at 2039 ("an out-of-state corporation that *has not* consented to in-state suits may also be susceptible to claims in the forum state based on the quality and nature of [its] activity in the forum") (quotations omitted). Additionally, for a court to exercise specific jurisdiction, the suit must arise out of the defendant's forum-related activity. *Advanced Tactical,* 751 F.3d at 801. If the plaintiff fails to link the defendant's contacts with the forum state to the cause of action, specific jurisdiction is not proper. *Id.*

The court lacks specific jurisdiction over ResMed Inc. The company adduces evidence that it neither manufactured nor sold the product in Indiana. As a holding company, it does not design, manufacture, distribute, or sell sleep apnea products to consumers in Indiana or anywhere else in the United States. The company does not own or operate facilities in Indiana, does not transact business in Indiana, and does not have employees in Indiana. Rather than establish that ResMed Inc. manufactured or sold the AirSense 10, Mr. Naderi appears to acknowledge that it doesn't. He notes that it may have its "seller home" in Ohio; that might prove to be a contact with Ohio, but not with Indiana.

The closest relationship ResMed Inc. has to the alleged injuries is ResMed's association with ResMed Corp. ResMed Corp. sells the product, and ResMed Inc. is the parent company of ResMed Corp. The law rejects personal jurisdiction over a parent company based solely on its subsidiary's contacts, except in circumstances not present here. *See Cent. States, Se. & Sw. Areas Pension Fund v. Reimer Express*

5

*World Corp.*, 230 F.3d 934, 943 (7th Cir. 2000). The court has before it no record that would justify piercing ResMed Inc.'s corporate veil. The court lacks personal jurisdiction over ResMed Inc.[3]

On its own, the court addresses the presence of the John Doe defendant. This type of unnamed defendant must be dismissed because "it is pointless to include lists of anonymous defendants in federal court; this type of placeholder does not open the door to relation back under Fed. R. Civ. P. 15, nor can it otherwise help the plaintiff." *Wudtke v. Davel*, 128 F.3d 1057, 1060 (7th Cir. 1997) (citation omitted). The court has the inherent power to dismiss an unnamed defendant *sua sponte. See Bitzer v. Hyatte*, 2022 U.S. Dist. LEXIS 50756, 15 n.4 (N.D. Ind. Mar. 21, 2022). Mr. Naderi never pleads any allegations against John Doe, or otherwise provide a description of who John Doe is or what John Doe has done that entitles Mr. Naderi to relief. This falls shorts of raising a plausible claim, so the court dismisses John Doe.

When a *pro se* complaint doesn't state a claim on which relief can be granted, the court should ordinarily give the plaintiff an opportunity to amend the complaint unless it is certain from the face of the complaint that any amendment would be futile or otherwise unwarranted. *Tate v. SCR Med. Transp.*, 809 F.3d 343, 346 (7th Cir. 2015). This is Mr. Naderi's second iteration of a complaint. He cannot amend against ResMed Inc. because the court lacks personal jurisdiction over this defendant. That said, the court cannot say an amendment would be futile on the statute of limitations issue, if in fact the date of injury was actually within the statute of limitations. The court will afford an opportunity to amend against Medical Service Company (or its division, MSC Sleep) on this limited basis.

## CONCLUSION

Accordingly, the court GRANTS Medical Service Company d/b/a MSC Sleep's motion to join ResMed Inc.'s motion to dismiss [ECF 12], CONSTRUES Mr. Naderi's emergency motion for reply as his response to the motion to dismiss [ECF 34], GRANTS the motion to dismiss under Rules 12(b)(2) and 12(b)(6) [ECF 8], DISMISSES ResMed Inc. for lack of personal jurisdiction and failure to state a

---

[3] Accordingly, the court need not address the motion to dismiss under Rules 12(b)(4) and (12)(b)(5).

claim, DISMISSES Medical Service Company d/b/a MSC Sleep because of the statute of limitations, DISMISSES the John Doe defendant as unnecessary, DENIES Mr. Naderi's motion to file a surreply as nothing new was raised in the defendant's reply [ECF 41], and GRANTS Mr. Naderi until September 8, 2023 to file a second amended complaint, but only so long as he can state a claim against defendants other than ResMed Inc. within the statute of limitations. The case proceeds against ResMed Corp. alone.

SO ORDERED.

August 21, 2023                     *s/ Damon R. Leichty*
                                    Judge, United States District Court