UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| MOHAMMAD H. NADERI, <br><br> Plaintiff, <br><br> v. <br><br> RES MED INC. *et al.*, <br><br> Defendants. | CAUSE NO. 1:22-CV-459 DRL-SLC |

OPINION AND ORDER

Mohammad Naderi originally filed this product liability action over an allegedly defective sleep apnea device (AirSense™ 10 AutoSet CPAP device) in April 2022. Mr. Naderi claims that ResMed Inc., ResMed Corp., Medical Service Company, and MSC Sleep (a division of Medical Service Company) sold the AirSense that caused his injury. Defendants removed the case to federal court in December 2022 [1]. ResMed Inc. moved to dismiss this case under Rules 12(b)(2) and 12(b)(6) for insufficient process and service, lack of personal jurisdiction, and failure to state a claim [12]. Medical Service Company d/b/a MSC Sleep joined ResMed Inc.'s motion to dismiss under Rule 12(b)(6). The court granted the motion to dismiss under Rules 12(b)(2) and 12(b)(6) and granted Mr. Naderi until September 8, 2023 to file a second amended complaint against defendants other than ResMed Inc. for claims within the statute of limitations [48].

On September 1, 2023, Mr. Naderi filed a ten-page document that can't be construed as an amended complaint [49]. A complaint must state a claim for relief and include "(1) a short and plain statement of the grounds for the court's jurisdiction… (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." Fed. R. Civ. P. 8(a). Though the court construes *pro se* pleadings liberally and may point a litigant toward the right rule, the "court is not to become an advocate" and is "not charged with seeking out legal issues lurking

within the confines of the pro se litigant's pleadings." *Kiebala v. Boris*, 928 F.3d 680, 684-85 (7th Cir. 2019) (quotations omitted). Mr. Naderi does not provide sufficient facts for "a plausible claim for relief," *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009), nor does he demonstrate why this court has jurisdiction, *see Healy v. Metro Pier & Exposition Auth.*, 804 F.3d 836, 845 (7th Cir. 2015). Instead, the document appears to be an objection to the court's dismissal order and requesting a jury trial [49 at 8], which the court construes as a motion to alter or amend the judgment under Rule 59. *See* Fed. R. Civ. P. 59. It was filed within 28 days of the court's ruling. On September 26, 2023, Mr. Naderi filed another document asking the court to correct its order granting the motion to dismiss [50]. The court construes this as a motion for reconsideration under Rule 60 (filed as it was after 28 days). *See* Fed. R. Civ. P. 60.

The court construes Mr. Naderi's first request as one under Federal Rule of Civil Procedure 59. "Altering or amending a judgment under Rule 59(e) is permissible when there is newly discovered evidence or there has been a manifest error of law or fact." *Harrington v. City of Chicago*, 433 F.3d 542, 546 (7th Cir. 2006). Parties who "merely [take] umbrage with the court's rulings and rehash[] old arguments" do not demonstrate manifest error. *Oto v. Metropolitan Life Ins. Co.,* 224 F.3d 601, 606 (7th Cir. 2000). Courts have emphasized that "Rule 59 is not a vehicle for rearguing previously rejected motions." *Id.*; *see also Vesely v. Armslist LLC*, 762 F.3d 661, 666 (7th Cir. 2014). The moving party must "clearly establish" the grounds for relief. *Harrington*, 433 F.3d at 546. Mr. Naderi has not provided the court with any new evidence, nor has he pointed to a "disregard, misapplication, or failure to recognize controlling precedent." *Oto*, 224 F.3d at 606. Without new facts or evidence of manifest error, the court has no grounds to alter or amend its judgment under Rule 59.

Mr. Naderi's second motion cites Federal Rule of Civil Procedure 60.[1] Relief under this rule is "'an extraordinary remedy . . . granted only in exceptional circumstances.'" *Davis v. Moroney*, 857 F.3d 748, 751 (7th Cir. 2017) (quoting *Bakery Mach. & Fabrication, Inc. v. Traditional Baking, Inc.*, 570 F.3d 845, 848 (7th Cir. 2009)). Under Rule 60(b), the bases for relief are "mistake, inadvertence, surprise, or excusable neglect;" "newly discovered evidence;" fraud or misconduct by an opposing party; or "any other reason that justifies relief." Fed. R. Civ. P. 60(b). The movant must show "compelling and extraordinary circumstances." *Carter v. CVS Pharm., Inc.*, 827 Fed. Appx. 601, 603 (7th Cir. 2020).

Mr. Naderi, as the movant, bears the burden of presenting evidence to support his motion. *See Tokh v. Water Tower Court Home Owners Ass'n*, 327 Fed. Appx. 630, 631 (7th Cir. 2009). Mr. Naderi has not presented any newly discovered evidence to the court. Fed. R. Civ. P. 60(b)(2). He alleges misconduct by opposing counsel, but he presents no evidence of any wrongdoing, much less anything compelling or extraordinary.

Instead, Mr. Naderi's filing seems to be primarily concerned with expressing his frustration with the ruling and opposing counsel. He complains about the deadline imposed by the court and the magistrate judge's denial of his request for counsel [50 at 7]. He claims that the court is unqualified and threatens legal action [50 at 8-9]. His filing presents long lists of allegations but no evidence. Accordingly, he has not met Rule 60's high burden. *See Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 953 (7th Cir. 2013). He must remember that the law and facts guide the court.

Additionally, the September 8, 2023 deadline for Mr. Naderi to file a second amended complaint has passed. Without a valid complaint and given Mr. Naderi's previous opportunity to

---

[1] Mr. Naderi's second motion for reconsideration cites two rules: Indiana Trial Rule 59 and Federal Rules of Civil Procedure 60(b). The court addresses each in turn. Indiana Trial Rule 59 does not apply here. The Indiana rules "govern the procedure and practice in all courts of the state of Indiana." Ind. R. Trial. P. 1. Though the rule applies to state courts in Indiana, the Federal Rules of Civil Procedure govern federal courts. *Jenkins v. Vill. of Maywood*, 506 F.3d 622, 624 (7th Cir. 2007); Fed. R. Civ. P.1("These rules govern the procedure in all civil actions and proceedings in the United States district courts.").

amend, the court will not continue this case. *See Adams v. City of Indianapolis*, 742 F.3d 720, 734 (7th Cir. 2014) (upholding a district court's dismissal of a case for insufficient pleading after the plaintiff had been granted leave to amend). Mr. Naderi has not presented any grounds that suggest yet another opportunity to amend will be fruitful.

## CONCLUSION

For these reasons, the court DENIES Mr. Naderi's motion asking the court to reconsider its dismissal order [50] and DENIES his motion to alter or amend the judgment [49]. The court DISMISSES the case with prejudice.

SO ORDERED.

October 2, 2023                                    *s/ Damon R. Leichty*
                                                   Judge, United States District Court