UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

MOHAMMAD H. NADERI,

    Plaintiff,

v.

    CAUSE NO. 1:22-CV-459 DRL-SLC

RES MED INC. *et al.*,

    Defendants.

OPINION AND ORDER

Mohammad Naderi filed this product liability action over an allegedly defective sleep apnea device (Air Sense™ 10 AutoSet CPAP device) in April 2022. In his amended complaint, Mr. Naderi claimed that ResMed Inc., ResMed Corp., and Medical Service Company (and MSC Sleep as a division of Medical Service Company) sold the AirSense product that caused his injury. The defendants removed the case to federal court in December 2022 [1]. Medical Service Company d/b/a MSC Sleep and ResMed Inc. moved to dismiss under Rules 12(b)(2) and 12(b)(6), and the court granted the motion on August 21, 2023. The court allowed Mr. Naderi to file a second amended complaint stating a claim within the statute of limitations, but he chose not to file an amended complaint. That meant that only his claim against ResMed Corp. remained.

After the court invited a remand because not all claims by all parties had been resolved by the previous order, ResMed Corp. moved to dismiss under Rule 12(b)(6). In reviewing a motion to dismiss under Rule 12(b)(6), the court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in the plaintiff's favor. *Reynolds v. CB Sports Bar, Inc.*, 623 F.3d 1143, 1146 (7th Cir. 2010). A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662,

678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 570 (2007)). It need not plead "detailed factual allegations." *Ashcroft*, 556 U.S. at 678. A claim must be plausible, not probable. *Indep. Tr. Corp. v. Steward Info Servs. Corp.*, 665 F.3d 930, 935 (7th Cir. 2012). Evaluating whether a claim is sufficiently plausible to survive a motion to dismiss is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *McCauley v. City of Chi.*, 671 F.3d 611, 616 (7th Cir. 2011). Though the court must liberally construe *pro se* complaints, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), it has "ample authority to dismiss frivolous or transparently defective suits," *Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003).

A plaintiff must file a timely suit. The law required Mr. Naderi to file his product liability claim within two years after the date of his injury. *See* Ind. Code § 34-20-3-1(b)(1). ResMed Corp. says he filed his claim too late. Mr. Naderi's amended complaint alleges that he sustained his injuries on February 14, 2020 [6 ¶ 6]. Mr. Naderi filed suit on April 5, 2022. His response to ResMed Corp.'s motion does not add to these allegations. His suit is time-barred, and no equitable doctrine applies. When a plaintiff's pleading details everything necessary to satisfy the affirmative defense of statute of limitations, a motion to dismiss should be granted. *Chi. Bldg. Design, P.C. v. Mongolian House, Inc.*, 770 F.3d 610, 613-14 (7th Cir. 2014). Mr. Naderi also has had ample opportunity to state a meritorious claim, but he chose not to amend after the last one, and any further leave would be futile.

In response to these proceedings, Mr. Naderi filed an "Emergency Motion" requesting a new presider. A judge must recuse only when the circumstances merit it. *Hoffman v. Caterpillar, Inc.,* 368 F.3d 709, 717 (7th Cir. 2004) (citing *United States v. Ming*, 466 F.2d 1000, 1004 (7th Cir. 1972)). 28 U.S.C. § 455(a) requires a federal judge to recuse "in any proceeding in which his impartiality might reasonably be questioned." Other reasons for disqualification include bias, personal knowledge of the facts, financial interest in the subject matter, or relation to the parties. 28 U.S.C. § 455(b). A party must cite "'compelling evidence' of bias so that a reasonable person would be convinced the judge is

biased." *United States v. Modjewski*, 783 F.3d 645, 649 (7th Cir. 2015) (quoting *Grove Fresh Distribs., Inc. v. John Labatt, Ltd.*, 299 F.3d 635, 640 (7th Cir. 2002)).

Mr. Naderi claims the presider has abused his judicial power for personal gain, colluded with the defendants and counsel, and received bribes. None of this is true. Mr. Naderi alludes to evidence in his appellate file that supports alleged misconduct, but he offers none of it. The court has addressed Mr. Naderi's various filings under the law. Mr. Naderi also requests the presiding judge to be disbarred and arrested along with defense counsel. The court does not have the authority to initiate prosecutions; this is the job of prosecutors. The court denies this motion accordingly.

## CONCLUSION

The court GRANTS ResMed Corp.'s motion to dismiss under Rule 12(b)(6) [70] and DENIES Mr. Naderi's motion to disqualify or for other relief [74]. The court directs the entry of judgment for the defendant. This order terminates the case.

SO ORDERED.

June 5, 2024                                                   s/*Damon R. Leichty*
                                                               Judge, United States District Court