UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

MOHAMMAD H. NADERI,

    Plaintiff,

v.　　　　　　　　　　　　　　　　　　　　CAUSE NO. 1:22-CV-459 DRL-SLC

RES MED INC. *et al.*,

    Defendants.

OPINION AND ORDER

Mohammad Naderi originally filed this product liability action over an allegedly defective sleep apnea device (AirSense™ 10 AutoSet CPAP device) in April 2022. The court granted the motions to dismiss of each defendant at this point [48, 75]. Mr. Naderi has filed four additional motions requesting reconsideration, court-appointed counsel, documents from another court, and a change in venue [80, 81, 82, 83]. The court denies each motion.

First, Mr. Naderi asks the court to reconsider its order dismissing the case under Rule 60. As the court previously explained denying an earlier motion from Mr. Naderi [51], relief under this rule is "'an extraordinary remedy . . . granted only in exceptional circumstances.'" *Davis v. Moroney*, 857 F.3d 748, 751 (7th Cir. 2017) (quoting *Bakery Mach. & Fabrication, Inc. v. Traditional Baking, Inc.*, 570 F.3d 845, 848 (7th Cir. 2009)). Under Rule 60(b), the bases for relief are "mistake, inadvertence, surprise, or excusable neglect;" "newly discovered evidence;" fraud or misconduct by an opposing party; or "any other reason that justifies relief." Fed. R. Civ. P. 60(b). The movant must show "compelling and extraordinary circumstances." *Carter v. CVS Pharm., Inc.*, 827 Fed. Appx. 601, 603 (7th Cir. 2020).

Mr. Naderi, as the movant, bears the burden of presenting evidence to support his motion. *See Tokh v. Water Tower Court Home Owners Ass'n*, 327 Fed. Appx. 630, 631 (7th Cir. 2009). Mr. Naderi has not presented any newly discovered evidence to the court or any basis for revisiting the ruling. The

court has thoroughly explained its reasoning in prior orders. Mr. Naderi now complains that he didn't receive the defendant's briefing in the mail until after filing his response, but he doesn't provide any evidence that the court's decision was wrong, and he responded to the defendant's motion. The court denies his motion to reconsider.

Mr. Naderi next requests court-appointed counsel. The court has dismissed his case in this court; he has no need for counsel here. He also requests documents from another court. If he seeks documents from the Allen Superior Court, he must contact that court. Finally, he requested a change of venue. This court already denied a similar motion from Mr. Naderi and sees no reason to revisit that decision without any new evidence or argument. Indeed, because this case has been dismissed, there is nothing to transfer to another venue.

Accordingly, the court DENIES Mr. Naderi's motions [80, 81, 82, 83] and CAUTIONS Mr. Naderi that more frivolous or duplicative motions could result in sanctions, including fines and filing restrictions in this case.

SO ORDERED.

July 1, 2024                                       *s/ Damon R. Leichty*
                                                   Judge, United States District Court